UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


PAUL ERNEST OF THE HOUSE OF SELLORS,      CIV. NO. 13-2484(SRN/JSM)

       Plaintiff,                                    REPORT AND RECOMMENDATION

v.

BARACK OBAMA, et.al.

       Defendants.

This matter came before the undersigned on defendants Kiel Rushton and Johnathan Schlingman's Motion to Dismiss [Docket No. 5] and the Motion to Dismiss by defendants Barack Obama, Eric Holder, Jr., William Frankel, Kristen L. Mix, David B. Barlow, John W. Huber, Scott Romney, Steven Molesky, Martin Siebenaler, Marcia S. Krieger, Christine M. Arguello, Craig B. Shaffer, Kathleen M. Tafoya and John Walsh. [Docket No. 18].  This matter was decided on the parties' written submissions.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

## I.    PROCEDURAL AND FACTUAL BACKGROUND

### A.    <u>Sellors' Criminal Conviction and Complaint</u>

Plaintiff Ernest Paul Sellors is apparently a member of the Sovereign Citizen movement.[1]   Sellors was indicted in Colorado and found guilty of using a forged and

---

[1]      According to the FBI, the "Sovereign Citizens" movement is based on a theory that the "United States government [USG] is bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S. currency.  Sovereign citizens believe the USG operates solely on a credit system using American citizens as

counterfeit seal of the United States of America District Court, District of Minnesota to authenticate fraudulent documents, including an order to set trial by jury, an order of custody, and orders to reschedule jury trials.  These actions were in violation of 18 U.S.C. §505.  United States of America v. Ronald Roy Hoodenpyle and Paul Ernest Sellors,  13-cr-140-CMA  (D.  Colo.);  http://www.fbi.gov/denver/press-releases/2013/sentencing-set-for-paul-sellors-after-jury-finds-him-guilty-of-using-counterfeit-united-states-court-seal.[2]

---

collateral.  Sovereign citizens exploit this belief by filing fraudulent financial documents charging their debt to the Treasury Department." El v. AmeriCredit Fin. Servs., Inc., 710 F.3d 748, 750 (7th Cir. 2013) (quoting Federal Bureau of Investigation, "Sovereign Citizens: An Introduction for Law Enforcement" 3 (Nov. 2010), http:// info. public intelligence. net/ FBI- Sovereign Citizens. Pdf). See also Cooper v. United States, 104 Fed. Cl. 306, 313-314 (2012) (explaining that "an individual who identifies with the Sovereign Citizen Movement considers himself to be his own sovereign, not a United States citizen, and therefore 'believe[s] that [he is] not subject to government authority.' Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011).  Members of this movement think that [t]he federal government ... has tricked the populace into becoming U.S. citizens by entering into 'contracts' embodied in such documents as birth certificates and social security cards.  With these contracts, an individual unwittingly creates a fictitious entity (i.e., the U.S. citizen) that represents, but is separate from, the real person.  Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship.") (citation omitted).  See also Sochia v. Federal-Republic's Cent. Gov't, Civ. No. SA-06-CA-1006-XR, 2006 WL 3372509, at *5 (W. D. Tex. Nov. 20, 2006) (describing plaintiff's "sovereign citizen" theories as "frivolous" and "rejected by every federal court that has considered them" and collecting cases).

[2]     As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment. Federal Rule of Civil Procedure 12(d).  "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment. See Little Gem Life Sci., LLC v. Orphan Med., Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted)).  Sellors' conviction in Colorado is a matter of public record and the Court has considered the filings in the Colorado case and press reports regarding

On November 15, 2013, judgment was entered against Sellors, remanding him into custody to serve a sentence of eighteen months for each of the three counts on which he was convicted, to be served concurrently.  Judgment in a Criminal Case [13-cr-140-CMA (D. Colo.), Docket No. 141].

Sellors sued defendants in Minnesota state district court in an action entitled "Unlimited Civil Action."  Complaint [Docket No. 1-1].  The defendants are as follows:

1.    President Barack Obama, described by Sellors as the "US CEO;"

2.    Attorney General Eric H. Holder, Jr.;

3.    William Frankel, a special agent employed by the United States Treasury Inspector General for Tax Administration;[3]

4.    David B. Barlow, John W. Huber, Scott Romney[4];

5.    The Honorable Kristen L. Mix, Craig B. Shaffer, and Kathleen M. Tafoya,[5] United States Magistrate Judges, District of Colorado;

the conviction and the Sovereign Citizen Movement in connection with the instant motions to dismiss.

[3]    Notice of Removal, p. 2 [Docket No. 1].  Frankel assisted in the prosecution of Sellors in the District of Colorado.  Declaration of William Frankel, p. 1 [Docket No. 24].  Frankel had no contact with Sellors apart from the criminal case.  Id.

[4]    When Sellors' criminal case was pending in the district of Colorado, David Barlow was the United States Attorney for the District of Utah.  Declaration of David B. Barlow ("Barlow Decl."), p. 1 [Docket No. 20].   John W. Huber and Scott Romney were Assistant United States Attorneys serving in Barlow's office and representing the United States in Sellors' criminal matter.  Id.; see also Declaration of John W. Huber ("Huber Decl.") [Docket No. 23]; Declaration of Scott Romney ("Romney Decl.") [Docket No. 29].  Barlow, Huber and Romney had no contact with Sellors apart from the criminal case.  Barlow Decl., Huber Decl., Romney Decl.

[5]    United States Magistrate Judges Kristen Mix, Craig Schaffer and Kathleen Tafoya were assigned certain responsibilities in connection with Sellors' criminal case in the District of Colorado.  Declaration of Craig B. Schaffer [Docket No. 21]; Declaration of

6.      Steven Molseky, Federal Bureau of Investigation ("FBI") Special Agent[6];

7.      Martin Siebenaler, a federal Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF");[7]

8.      The Honorable Marcia S. Krieger, and the Honorable Christine M. Arguello, United States District Court Judges, District of Colorado[8];

9.      John F. Walsh, United States Attorney, District of Colorado;

10.     Kiel Rushton and Johnathan Schlingman, City of St. Anthony, Minnesota, police officers.[9]

The federal defendants removed the matter to Federal District Court on September 11, 2013.  Notice of Removal [Docket No. 1].  On September 18, 2013, the state defendants moved to dismiss the Complaint.  [Docket No. 5].  On October 2, 2013,

---

Kristen Mix [Docket No. 25]; Declaration of Kathleen Tafoya [Docket No. 26].  The Magistrate Judges had no contact with Sellors apart from the criminal case.  Id.

[6]     Steven Molesky assisted in the investigation which resulted in the prosecution of Sellors in Colorado.  Declaration of Steven Molesky [Docket No. 27].  Molesky had no contact with Sellors apart from the criminal case.  Id.

[7]     Siebenaler assisted in the investigation that resulted in Sellors' prosecution in Colorado.  Declaration of Martin Siebenaler, p. 1 [Docket No. 30].  Siebenaler is an ATF Special Agent.  Id.  Apart from his official duties, Siebenaler had no contact with Sellors.

[8]     See Declaration of Christine M. Arguello; Declaration of Marcia S. Krieger [Docket Nos. 22, 28].    Judge Krieger stated that she was assigned certain responsibilities in connection with the matter of United States v. Ronald Ray Hoodenpyle (09-cr-13-RBJ-1, D. Colo.) and at the conclusion of that matter, she received certain documentation that formed the basis of the charges in United States v. Ronald Roy Hoodenpyle and Paul Ernest Sellors, 13-cr-140-CMA.  Id.  Judge Arguello was assigned certain responsibilities in connection with Hoodenpyle and Sellors criminal case.  The District Court judges had no contact with Sellors apart from the criminal case.  Id.

[9]     The Court will refer to the defendants described in paragraphs 1-8, above, as the "federal defendants" and to Officers Rushton and Schlingman as the "state defendants."

Sellors filed a document on CM/ECF entitled "Amended Unlimited Civil Action." ("Amended Complaint") [Docket No. 14]. The two Complaints are virtually identical and the Court will treat the Amended Complaint as the operative pleading. The state defendants did not renew their motion to dismiss the Amended Complaint, however, the Court will treat their motion as a motion to dismiss both Complaints. On November 15, 2013, the federal defendants moved to dismiss the Amended Complaint.

The Amended Complaint is nearly incomprehensible. As best as this Court can discern, Sellors is claiming that the defendants[10] violated the United States Constitution, various provisions of the United States Code, the Preamble to the Bill of Rights, Minnesota "organic ordinances," "God's Laws," and "Law Principles." These allegations all appear to relate to Sellors' arrest in Minnesota on a warrant issued by the District of Colorado, the transfer of his custody to federal law enforcement agents, and his eventual conviction of violating 18 U.S.C. §505.[11] Sellors frequently referenced the District of Colorado criminal file number – 1:13-cr-140-CMA – in his allegations. See Amended Complaint, pp. 5, 6, 7, 8, 17, 19. The defendants all have some or no

---

[10]     Sellors refers to the defendants as "Trespassers/Defendants" and to himself as the "Injured Claimant."

[11]     State Defendants' Memorandum of Law in Support of Motion to Dismiss ("State Defs. Mem."), p. 3 [Docket No. 6] (stating "[o]n May 15, 2013, Officers Rushton and Schlingman stopped Plaintiff Sellors vehicle on Stinson Boulevard. . .[and] took Sellors into custody without incident. Shortly after arresting him, the St. Anthony Police Department transferred custody of Sellors to federal law enforcement agents." The arrest was made pursuant to an arrest warrant issued by the U.S. District Court, District of Colorado, based on Sellors' failure to appear at an initial appearance on May 1, 2013. Id.; Affidavit of Ryan M. Zipf, Ex. 1 (Arrest Warrant, Case No. 13-cr-140-CMA) [Docket No. 8].

connection (in the case of President Obama and Attorney General Eric Holder) to Sellors' criminal case.

As relief, Sellors sought a declaratory judgment that he is not a "subject" of the United States; God is the only sovereign over him; United States agents have overreached their authority over him; and he deserves compensation "according to the Affirmation Notice to the free beings and servants on this land known as America and all political entities which have been made available to all Trespassers/Defendants associated with matter 1:13-cr-00140-CMA."   Amended Complaint, p. 19.   Sellors sought the payment of one troy ounce of .999 pure gold per hour for any time he spent in detention; for the time defendants spent violating his "unalienable Rights;" for each "stop";[12] and "per coerced act of fraud."   Id., pp. 19-20.   In all, Sellors demanded the payment of 4737 ounces of gold or $6,394,960.   Id., p. 20.

### B.   The State Defendants' Motion to Dismiss

The state defendants moved to dismiss the Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rule of Civil Procedure, arguing that the Complaint failed to state any claims for which relief could be granted.   State Defs. Mem., pp. 4-8.   The state defendants noted that the Complaint only broadly described various claims against all of the defendants.   Id., p. 5.   To the extent Sellors was alleging a federal civil rights claim by referencing §1981,[13] the state defendants argued that Sellors pled no facts in

---

[12]   The Court assumed Sellors was referencing his stop and arrest on Stinson Boulevard, Minnesota pursuant to the federal arrest warrant.

[13]   The Amended Complaint stated: "For the record Paul Ernest of the House of Sellors hereby exercises his Right to waive the benefits of the United States', of the United States Territory's and Colorado's/Minnesota's Territory's white citizens' benefits

support of such a claim. Id. (citing Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) ("to establish a prima facie case of discrimination under §1981, [plaintiff] must show: (1) that she is a member of a protected class; (2) that [defendant] intended to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in §1981.").

In addition, even assuming Sellors adequately pled a cause of action against Officers Rushton and Schlingman, the officers contended that they were entitled to qualified immunity for their actions in executing the arrest warrant issued by the District of Colorado because the warrant was facially valid. Id., pp. 6-8. Sellors failed to allege any facts establishing that the warrant was defective such that a reasonable officer would have notice of the unlawfulness of the warrant. Id. Further, the state defendants were acting at the request of federal law enforcement officials and were entitled to rely on the law enforcement officials who obtained the arrest warrant in Colorado. Id., p. 7 (citing Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 568 (1971) ("Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause.")

---

bound in the U.S.C. Title 42-Chapter 21, Section 1981(a)(b)(c)." Amended Complaint, p. 4. The Complaint goes on to quote §1981. Id.

To the extent the Amended Complaint alleged a cause of action against the state defendants based on the Minnesota Constitution,[14] the state defendants submitted that those claims must be dismissed because there is no private right of action for alleged violations of the Minnesota Constitution.  Id., p. 8.  Further, Minnesota law enforcement officers are immune from civil liability when they execute judicial orders according to their facially valid terms.  Id., p. 9.

Sellors responded to the state defendants' motion to dismiss.  "Response to Document 5 and Demand for list of the incomprehensible allegations."  ("Pl. Resp. to State Def.") [Docket No. 15].  Sellors objected to the removal of his lawsuit from state district court to the Federal District Court based on a theory that the District Court is "inferior" and "is a court foreign to the court of the people here in the state known as Minnesota."  Id., p. 2.  With respect to the state defendants' description that the Complaint was "incomprehensible and conclusory," Sellors demanded that the Court order the state defendants to submit to him a list of the allegations that are "incomprehensible and conclusory."  Id.  Sellors then posited a series of "undeniable facts"—including that the state defendants "falsified" an emergency to cause Sellors to stop his car so they could arrest him; "blind faith" on a federal warrant did not excuse the state defendants of "trespass;" and the arrest warrant "carried with it an implied duty on the part of the Injured Claimant," and "[d]efendants must know and disclose such duty to the Injured Claimant."  Id., p. 3.  Sellors objected to the state defendants' efforts to dismiss his suit and deny him "his day before a jury of his peers."  Id.

---

[14]    The allegations on pages 9-11 of the Amended Complaint, in the section entitled "Violations of Minnesota organic ordinances," appear to quote from the Minnesota State Constitution.

The state defendants replied that it was Sellors' burden to draft a complaint that complied with Rule 8; it was not their burden to identify his incomprehensible allegations.  Defendants Kiel Rushton and Jonathan Schlingman's Reply Memorandum ("State Defs. Reply"), p. 1 [Docket No. 16].  The state defendants reiterated that Sellors failed to plead any facts to support a federal constitutional claim and failed to plead that the arrest warrant was either deficient or facially invalid.  Id., p. 2.  As a result, the state defendants argued they were entitled to immunity for their actions as a matter of law. Id., p. 3.

### C.   The Federal Defendants' Motion to Dismiss

The federal defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. §1915A, which requires federal courts to screen a plaintiff's pleading in every civil action brought by a prisoner against government employees or entities "before docketing, if feasible or, in any event as soon as practicable after docketing."   28 U.S.C. §1915A(a).   To the extent a prisoner's pleading fails to state an actionable claim or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed.  28 U.S.C. §1915A(b). Even assuming that the Amended Complaint was not subject to summary dismissal, the Amended Complaint failed to state any causes of action because the federal statutes Sellors claimed were violated are criminal statutes without a private right of action and the claims generally fail to meet the pleading requirements of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Memorandum in Support of Motion to Dismiss ("Fed. Defs. Mem."), pp. 1-10.  [Docket No. 19].

The federal defendants also argued that the Amended Complaint had to be dismissed pursuant to Rule 12(b)(1) because the Court lacked subject matter jurisdiction for many reasons. Id., pp. 10-18. First, the federal defendants were immune from suit for alleged violations of the Minnesota Constitution because the United States had not waived its immunity as to state constitutional claims. Id., p. 11. Further, there is no private right of action for violations of the Minnesota Constitution. Id.

Second, there was no evidence that before filing the Complaint or Amended Complaint that Sellors appropriately filed and pursued an administrative claim, as required by the Federal Tort Claims Act ("FTCA"). Id. If Sellors' claims against the federal defendants sounded in tort, they had to be dismissed for lack of jurisdiction because Sellors failed to plead that he had complied with the requirement of the FTCA. Id., p. 12.

Third, to the extent Sellors pled federal constitutional claims, those claims had to be dismissed for lack of jurisdiction because all of the federal defendants are immune from suit. Id., pp. 13-19. District Judges Krieger and Arguello and Magistrate Judges Shaffer, Tafoya and Mix are entitled to absolute judicial immunity for their actions undertaken in their judicial capacity. Id., pp. 13-14. Similarly, the AUSA Huber's and Romney's and U.S. Attorneys Walsh's and Barlow's only involvement with Sellors was in connection with his criminal case; therefore, they too are entitled to absolute immunity based on their actions undertaken in their prosecutorial capacity. Id., p. 15. As to President Obama, the Amended Complaint failed to allege any facts tying the President to Sellors' claims and at any rate, the President was entitled to absolute immunity for

acts undertaken in his official capacity.  Id., p. 16.  Federal Agents Frankel, Siebenaler and Molesky also were immune from suit on the basis of qualified immunity.  Id., pp. 16-18.  The federal defendants noted that Sellors was required to plead some affirmative link between the defendants' personal conduct and the alleged constitutional violation. Id., p. 17.  Here, Sellors failed to plead any facts relating the federal agents' actions to a constitutional violation.  Id., p. 18.

As to Attorney General Holder, the Amended Complaint failed to plead any facts relating him to any issue in Sellors' criminal matter–the federal defendants assumed that the he was named because he heads the Department of Justice, of which the FBI and the United States Attorney's office are subordinate parts.  Id., p. 18.  As a result, the Attorney General was entitled to dismissal of the Amended Complaint based on qualified immunity.

Lastly, the federal defendants argued that the Court lacked subject matter jurisdiction over claims alleging violations of "God's laws."  Id., pp. 19-20.  According to the federal defendants, "clearly, the United States has not waived its sovereign immunity for claims based on God's law."  Id., p. 19.  Without a specific waiver of immunity, the Court lacks jurisdiction to consider such claims.  Id., pp. 19-20.

Sellors responded to the federal defendants' motion contending that the federal defendants failed to prove that he was a "person," and arguing that the federal defendants' motion to dismiss "cannot be granted without denying Injured Claimant due process in a court of general jurisdiction and in this limited jurisdiction court[.]" Response to Document 18 ("Pl. Resp. to Federal Def. Mot."), p. 3 [Docket No. 34].  The balance of Sellors' response was comprised of quotes from various state and federal

cases describing the standards for granting Rule 12(b)(6) and Rule 12(b)(1) motions. Based on these quotes, it appeared Sellors was arguing that his Amended Complaint was not frivolous, and that he had sufficiently alleged a federal common law cause of action. <u>Id.</u>

## II.   LEGAL STANDARDS

### A.   <u>Standard of Review for Rule 12(b)(6) Motion</u>

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. <u>Ashley County, Ark. v. Pfizer, Inc.</u>, 552 F.3d 659, 665 (8th Cir. 2009).   In addition, a court must afford the plaintiff all reasonable inferences from those allegations. <u>Blankenship v. USA Truck, Inc.</u>, 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in <u>Iqbal</u> and <u>Twombly</u>.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation."  <u>Iqbal</u>, 556 U.S. at 678 (internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).  Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 677 (quoting Twombly, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Following Twombly and consistent with Iqbal, the Eighth Circuit explained:

> While a plaintiff need not set forth "detailed factual allegations," Twombly, 127 S.Ct. at 1964, or "specific facts" that describe the evidence to be presented, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. Twombly, 127 S.Ct. at 1965 n. 3. A district court, therefore, is not required "to divine the litigant's intent and create claims that are not clearly raised," Bediako, 354 F.3d at 840, and it need not "conjure up unpled allegations" to save a complaint. Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006) (internal quotation omitted).

Gregory v. Dillard's, Inc. 565 F.3d 464, 473 (8th Cir. 2009).

### B.   Standard of Review for Rule 12(b)(1) Motion

Subject matter jurisdiction "is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir.1991). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A motion to dismiss for lack of subject matter jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments.  See Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990).   In a facial challenge to jurisdiction, the court "determines whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, and drawing all reasonable inferences in favor of the [non-moving party]."  Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).  See also Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) ("In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.") (citation omitted).   When a defendant brings a facial challenge to subject matter jurisdiction, the court reviews only the pleadings, and the non-moving party receives the same protections as it would defending Rule 12(b)(6) motion.  Osborn, 918 F.2d at 729, n. 6.  In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of Rule 12(b)(6).  Id.

Defendants did not state whether they were bringing a facial or factual challenge to subject matter jurisdiction, but it was clear to this Court that the challenge was factual as they have relied on evidence outside the Amended Complaint.

### C.    Standard of Review for Pro Se Litigants

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  Nevertheless, "'[t]hough pro se complaints are to be construed liberally, see Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), they still must allege

14

sufficient facts to support the claims advanced.'" Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); see also Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (rejecting "merely general and conclusory allegations," and requiring that a "pro se complaint must contain specific facts supporting its conclusions.").

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

Stone, 364 F.3d at 915.  Consequently, a court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (quoting Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

On the other hand, pro se litigants, like attorneys, must comply with Rule 11 of the Federal Rules of Civil Procedure, which states in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and ….

Fed. R. Civ. P. 11; Carman v. Treat, 7 F.3d 1379, 1382 (8th Cir. 1983) (Rule 11 applies to pro se litigants).

The Court now applies these principles to the instant motions.

## III.    DISCUSSION

### A.    The Amended Complaint Failed to Comply with Fed. R. Civ. P. 8

The Court has determined that the Amended Complaint must be dismissed for several reasons.[15]   First and most obviously, the Amended Complaint failed to clearly state which claims Sellors was asserting against which defendant, leaving the Court and defendants to guess as to which claims applied to which defendants.   "Such shotgun pleadings have been continually discouraged in this District."   I.C.E. ex rel. J.R. v. Minneapolis Public Schools, SSD No. 1, Civ. No. 12-2997 (MJD/LIB), 2013 WL 4519412, at *9 (D. Minn. Aug. 26, 2013).   Gurman v. Metro Housing and Redevelopment Auth., 842 F.Supp.2d 1151, 1153 (D. Minn. 2011) ("This Court has repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant."); Johnson v. Minnesota Dept. of Corr., No. 12–784 (PAM/JSM), 2012 WL 2050246, at *1 (D. Minn. May 15, 2012) ("[I]n order to state an actionable civil rights claim, a complaint

---

[15]    Although the Complaint and Amended Complaint are arguably subject to summary dismissal as frivolous pursuant to 28 U.S.C. §1915A(b), this Court instead addressed the merits of defendants' motions to dismiss.  However, if Sellors attempts to file another civil complaint in the district court, it will be screened pursuant to 28 U.S.C. §1915A.

must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights."); Tatone v. SunTrust Mortg., Inc., 857 F.Supp.2d 821, 831–32 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."); Tully v. Bank of America, N.A., Civ. No. 10–4734 (DWF/JSM), 2011 WL 1882665, at *6 (D. Minn. May 17, 2011) (citing Liggens v. Morris, 749 F. Supp. 967, 971 (D. Minn. 1990) ("Plaintiffs assert each of the causes of action against the Defendants generally, but do not otherwise specify which claims are asserted against any particular defendant, or which specific claims each Plaintiff is asserting.  Thus, the Bank Defendants, and the Court, are left to guess which Plaintiffs are asserting which claims against which Defendants. The Court concludes that such pleading is inadequate and that Rule 8 requires greater specificity than that found in Plaintiffs' Amended Complaint."); Moua v. Jani-King of Minn., 613 F. Supp. 2d 1103, 1111 (D. Minn. 2009) ("Plaintiffs' fraud claims fail to satisfy Rule 9(b) because the allegations cluster all the Defendants together without the required specificity to discern the respective roles of the individual defendants in the alleged fraud scheme.").  This "omnibus" style of pleading does not fulfill the mandate of Rule 8 to provide a "short and plain statement of the claim" and to place each of the defendants on notice of the factual allegations that pertain to them.

Additionally, many of the "legal theories" in the Amended Complaint are unclear, to say the least, and in that respect also fail to meet the Rule 8 standard.  For example, the Court cannot discern the basis of Sellors' claim that the defendants violated "Gods

laws" and does not know what Sellors intends by these allegations.   Amended

Complaint, pp. 11-15.   This portion of the Amended Complaint is nothing more than

case citations strung together and quotations from the Old and New Testaments and

the Magna Carta.   Id.   The Court will not attempt to construct a legal theory based on

these allegations.   See Dunn, 880 F.2d at 1197.[16]

Similarly, the Court does not know and will not guess as to what a violation of

"Law Principles," (Amended Complaint, pp. 15-18), might be.   Suffice it to say, these

allegations, which consist of litany of "law maxims" without any indication of the source

of the "maxims" or how they can create a cause of action, are frivolous and must be

dismissed.

Sellors' Amended Complaint does not comply with Rule 8 and on that basis

alone, should be dismissed.   Nevertheless, even if it did meet the requirements of Rule

8, it suffers from other defects that are fatal to Sellors' suit.

## B.   Sellors Has No Private Right of Action to Sue Under Criminal Statutes

Sellors' allegations regarding the defendants' supposed violations of the United

States Code[17] were primarily based on alleged violations of criminal statutes that do not

---

[16]   Even if the Court knew what Sellors meant by "God's laws," as the federal defendants point out, there is no subject matter jurisdiction over allegations of a violation of "God's laws" by the United States in the absence of a specific waiver of sovereign immunity.  See United States v. Jones, 225 F.3d 468, 469-470 (4th Cir. 2000) ("Sovereign immunity deprives a court of jurisdiction. . .sovereign immunity can be waived only by an unequivocal and express act of Congress.") (citing Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998), Lane v. Pena, 518 U.S. 187, 192 (1996).

[17]   Sellors invoked 1 U.S.C. §§1, 8, 2; 18 U.S.C. §§1, 2, 8, 505, 1001, 1201, 1425, 1621, 1959, 2234, 3042, 4001.  Amended Complaint, pp. 4-9.

provide a private right of action.  Private individuals do not have the right to prosecute defendants for alleged violations of federal criminal statutes.  <u>Whatley v. United Parcel Serv., Inc.</u>, Civ. No. 4:08-1108, 2009 WL 3756624, at *10 (E. D. Mo. 2009) (citing <u>In re Persico</u>, 522 F.2d 41, 54 (2d Cir. 1975)); <u>Uka v. Mama's Bar & Grill Rest.</u>, Civ. No. 4:06-29, 2006 WL 1752293, at *10 (E.D. Mo.2006)).  Consequently, "[a]s a general rule, a civil plaintiff has no standing to assert a claim arising under a criminal statute." <u>Winkle v. Sargus</u>, Civ. No. 2:14-0003, 2014 WL 111173, at *1 (S.D. Ohio Jan. 10, 2014) (citing <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'")).  None of the criminal statutes on which Sellors relied provide either an express or implied private right of action.

Sellors also referenced 1 U.S.C. §§1, 8.  Amended Complaint, p. 7.  These sections are definitional provisions that do not support a cause of action.  As for Sellors' cite to 18 U.S.C. §3042, this section describes procedures for extra-territorial execution of criminal process, and does not provide for a private right of action.  Likewise 18 U.S.C. §4001, which provides that "no citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress," does not provide a private right of action.  <u>See</u> <u>Owens v. Haas</u>, 601 F.2d 1242, 1248 (2nd Cir. 1979) (no private right of action under 18 U.S.C. §4001).

In sum, Sellors cannot state a cause of action based on violations of 1 U.S.C. §§1, 8, 2; 18 U.S.C. §§1, 2, 8, 505, 1001, 1201, 1425, 1621, 1959, 2234, 3042, 4001. as a matter of law.

### C.   Sellors Has No Private Right of Action for Claims Arising Under the Minnesota Constitution

Sellors cannot sue state or federal defendants for alleged violations of the Minnesota Constitution.[18]   Riehm v. Engelking, Civ. No. 06-293 (JRT/RLE), 2007 WL 37799, at *8 (D. Minn. Jan. 4, 2007) ("Minnesota has no statutory scheme providing for private actions based on violations of the Minnesota constitution."), aff'd, 538 F.3d 952 (8th Cir. 2008); Guite v. Wright, 976 F. Supp. 866, 871 (D. Minn. 1997) (dismissing all claims arising under the Minnesota constitution because there is no private cause of action for such claims).  All of these claims must be dismissed.

### D.   The State Defendants are Immune from Suit

"Qualified immunity shields government officials performing discretionary functions from civil liability unless their conduct violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known."  Luckert v. Dodge County, 684 F.3d 808, 817 (8th Cir. 2012) (internal citations and quotations omitted).  Determining the question of qualified immunity involves the following two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct.  Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009) (holding that Saucier's two-step sequence is not mandatory).  Pursuant to Pearson, courts have the discretion to decide 'which of the two prongs of the qualified immunity

---

[18]     Sellors referenced "Minnesota organic ordinances."  Amended Complaint, p. 9. The Court has no idea what Sellors means by an "organic ordinance."

analysis should be addressed first in light of the circumstances in the particular case at hand.'" Fields v. Abbott, 652 F.3d 886, 890 (8th Cir. 2011).

The state defendants are entitled to a dismissal of all claims against them based on qualified immunity.  In his Response to the state defendants' Motion to Dismiss, Sellors alleged that Officers Rushton and Schlingman "falsified an emergency to cause Injured Claimant to stop on the side of the highway so that Defendants could execute a Federal Directive."  Pl. Resp. to State Def. Mot. to Dismiss, p. 3.  As an initial matter, this allegation does not appear in the Amended Complaint, nor are there any facts alleged to support this statement.  More critically, the Amended Complaint completely failed to allege any Constitutional violations or violations of federal law by the state defendants.  As a result, the Complaint failed to meet the requirements of the first prong of the two-step inquiry under Saucier.  Although the Amended Complaint references §1981, this passage merely stated "For the record Paul Ernest of the House of Sellors hereby exercises his Right to waive the benefits of the United States', of the United States Territory's and Colorado's/Minnesota's Territory's white citizens' benefits bound in the U.S.C. Title 42-Chapter 21, Section 1981(a)(b)(c)."  Amended Complaint, p. 4. The Amended Complaint goes on to quote §1981.  The Court will not read into this passage a claim that the state defendants violated §1981.

At any rate, to properly plead a prima facie case under §1981, Sellors had to demonstrate (1) membership in a protected class; (2) the defendant's intent to discriminate on the basis of that protected class; (3) engagement in a protected activity; and (3) interference with that activity by the defendant.  Gregory v. Dillard's, Inc., 565

F.3d 464, 468 (8th Cir. 2009) (en banc).  No facts were pled in the Amended Complaint to support a claim under §1981.

Finally, even if facts had been pled to support the elements of a §1981 claim, the state defendants are entitled to qualified immunity for their actions in executing the arrest warrant issued by the District of Colorado.  Stigall v. Madden, 26 F.3d 867, 869 (8th Cir.1994) ("The warrant itself, however, shields [the defendant] from liability for executing it, unless a reasonably well-trained officer would have known that the arrest was illegal despite the magistrate's authorization.") (citing United States v. Leon, 468 U.S. 897, 922 n. 23 (1984)); Barr v. Abrams, 810 F.2d 358, 362 (2d Cir. 1987) ("A police officer who executes a facially valid, court-issued arrest warrant is entitled to qualified immunity."); see also Fair v. Fulbright, 844 F.2d 567, 569 (8th Cir. 1988) ("An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. §1983 against the arresting officer.").  Sellors has not alleged any defects in the arrest warrant to overcome the state defendants' right to assert qualified immunity.

For all of these reasons, all claims against the state defendants must be dismissed.

### E.   All Claims Against the Federal Defendants Fail

"A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. . . [f]irst, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Schottle v. Young,

687 F.3d 370, 373 (8th Cir. 2012) (citing <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991)).

"An act is a judicial act if it is one normally performed by a judge and if the complaining

party is dealing with the judge in his [or her] judicial capacity." <u>Birch v. Mazander</u>, 678

F.2d 754, 756 (8th Cir. 1982) (citing <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978)).

The only evidence before this Court is that the judicial defendants acted solely in

connection with Sellors' criminal matter. <u>See</u> Krieger Decl., Arguello Decl., Mix Decl.,

Schaffer Decl., Tafoya Decl. There is no evidence that the limited exceptions to judicial

immunity apply. Consequently, all claims against District Judges Krieger and Arguello

and Magistrate Judges Mix, Schaffer and Tafoya must be dismissed because these

judicial defendants are entitled to absolute immunity for their actions, all of which were

undertaken solely in connection with Sellors' criminal case.

Similarly, absolute immunity extends to the AUSAs Huber and Romney, and U.S.

Attorneys Walsh and Barlow. Prosecutors are immune from such claims under the

doctrine of prosecutorial immunity. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427–428 (1976);

<u>Patterson v. Von Riesen</u>, 999 F.2d 1235, 1237 (8th Cir.1993); <u>Snelling v. Westhoff</u>, 972

F.2d 199, 200 (8th Cir.1992) (per curiam), <u>cert. denied</u>, 506 U.S. 1053 (1993).

Prosecutorial immunity applies to all acts or omissions by a prosecutor "in initiating a

prosecution and in presenting the State's case." <u>Imbler</u>, 424 U.S. at 431. "Immunity

covers prosecutorial functions such as the initiation and pursuit of a criminal

prosecution, the presentation of the state's case at trial, and other conduct that is

intimately associated with the judicial process." <u>Brodnicki v. City of Omaha</u>, 75 F.3d

1261, 1266 (8th Cir.), <u>cert. denied</u>, 519 U.S. 867 (1996). There is no evidence that

Huber, Romney, Walsh and Barlow had any contact with Sellors apart from their actions

in connection with his criminal case.  See Huber Decl., Romney Decl., Walsh Decl., Barlow Decl.  As a result, all claims against these defendants must be dismissed.

The Amended Complaint failed to state any claims whatsoever against President Obama or Attorney General Holder or to overcome their claims of immunity for their actions.  The Amended Complaint as to these defendants must be dismissed.

Finally, to the extent Sellors was attempting to bring a tort claim against the federal defendants, he was required to provide proof that he properly exhausted his administrative remedies under the FTCA, a prerequisite for this Court to exercise subject matter jurisdiction over such claims.  28 U.S.C. §2675.[19]  No such evidence was presented by Sellors.

### F.    Conclusion

In sum, the Court recommends dismissing the Complaint and Amended Complaint for the reasons set forth above.  In addition, the Court recommends that the suit be dismissed with prejudice for two reasons: First, the defects in the Amended Complaint cannot be cured, and second, the Amended Complaint violates Rule 11.

"Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend."  Michaelis v. Nebraska State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983).  Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate.  That is the case here.  See McLean v. United States, 566 F.3d

---

[19]    Although the Amended Complaint alleged that all defendants were being sued in their "private capacity[ies]," there were no facts pled that would support such an allegation and the federal defendants submitted declarations stating that their interactions with Sellors were solely in connection with his criminal matter.

391, 400-401 (4th Cir. 2009) ("to the extent…that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice.  Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); Ikechi v. Verizon Wireless, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797 at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791 at *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

Further, the Court finds that Sellors filed the law suit solely to harass the individuals who had any connection with his criminal case in the District of Colorado, and that the Complaint and Amended Complaint violated Rule 11.  "Defendants have a right to be free from harassing, abusive, and meritless litigation.  Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior."  In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988) (citations omitted).  Defendants should not have to expend any more time or expense in defending this frivolous suit.

## IV.    RECOMMENDATION

For all of the foregoing reasons, this Court recommends that:

(1)    Defendants Kiel Rushton and Johnathan Schlingman's Motion to Dismiss [Docket No. 5] be **GRANTED;**

(2)    Defendants Barack Obama, Eric Holder, Jr., William Frankel, Kristen L. Mix, David B. Barlow, John W. Huber, Scott Romney, Steven Molesky, Martin Siebenaler, Marcia S. Krieger, Christine M. Arguello, Craig B. Shaffer, Kathleen M. Tafoya and John Walsh motion to dismiss [Docket No. 18] be **GRANTED;**

(3)    This matter be dismissed with prejudice.


Dated:  February 19, 2014                    *Janie S. Mayeron*
                                             JANIE S. MAYERON
                                             United States Magistrate Judge


### NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 5, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.