## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Ernest Sellors,<br><br>Plaintiff,<br><br>v.<br><br>Barack Obama, Eric H. Holder, Jr., William Frankel, Kristen L. Mix, David B. Barlow, John W. Huber, Scott Romney, Steven Molesky, Martin Siebnaler, Marcia Krieger, Christine M. Arguello, Craig B. Shaffer, Kathleen M. Tafoya, John F. Walsh, Kiel Rushton, and Johnathan Schlingman,<br><br>Defendants. | Case No. 13-cv-2484 (SRN/JSM)<br><br><br>**ORDER** |

Paul Ernest Sellors, Duluth, Minnesota 55814, *pro se* Plaintiff.

D. Gerald Wilhelm, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Defendants Barack Obama, Eric H. Holder, Jr., William Frankel, Kristen L. Mix, David B. Barlow, John W. Huber, Scott Romney, Steven Molesky, Martin Siebnaler, Marcia Krieger, Christine M. Arguello, Craig B. Shaffer, Kathleen M. Tafoya, and John F. Walsh.

Ryan M. Zipf, League of Minnesota Cities, 145 University Avenue West, Saint Paul, Minnesota 55103, for Defendants Kiel Rushton and Johnathan Schlingman.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

This matter is before the Court on Plaintiff's Objections [Doc. No. 40] to United

States Magistrate Judge Janie S. Mayeron's February 19, 2014, Report and

Recommendation ("R&R") [Doc. No. 38].  The Magistrate Judge recommended that: (1)

CASE 0:13-cv-02484-SRN-JSM   Document 42   Filed 04/15/14   Page 2 of 7

Defendants Kiel Rushton and Johnathan Schlingman's Motion to Dimiss [Doc. No. 5] be

granted; (2) Defendants Barack Obama, Eric Holder, Jr., William Frankel, Kristen L.

Mix, David B. Barlow, John W. Huber, Scott Romney, Steven Molesky, Martin

Siebenaler, Marcia S. Krieger, Christine M. Arguello, Craig B. Shaffer, Kathleen M.

Tafoya, and John Walsh's Motion to Dismiss [Doc. No. 18] be granted; and (3) this

matter be dismissed with prejudice.  (Feb. 19, 2014, R&R at 26 [Doc. No. 38].)  For the

reasons that follow, the Court overrules Plaintiff's Objections and adopts the R&R in its

entirety.

## II.    BACKGROUND

The Magistrate Judge's R&R thoroughly documents the factual and procedural

background of the case, which is incorporated here by reference.  Briefly stated, Sellors

was indicted in Colorado and found guilty of using a forged and counterfeit seal of the

United States District Court, District of Minnesota, to authenticate fraudulent documents,

in violation of 18 U.S.C. § 505.  (Indictment, United States of Am. v. Ronald Roy

Hoodenpyle and Paul Ernest Sellors, 13-cr-140-CMA-2 (D. Colo.) [Doc. No. 1].)

Judgment was entered on November 15, 2013, sentencing Sellors to eighteen months for

each of the three counts on which he was convicted, to be served concurrently.  (J. in a

Criminal Case, 13-cr-140-CMA-2 (D. Colo.) [Doc. No. 141].)

On September 11, 2013, Sellors sued Defendants in Minnesota state district court,

claiming violations of the United States Constitution, various provisions of the United

States Code, the Preamble to the Bill of Rights, Minnesota "organic ordinances," "God's

Laws," and "Law Principles."  (Compl. [Doc. No. 1-1].)  The alleged violations relate to

Sellors' arrest in Minnesota on a warrant issued by the District of Colorado, the transfer

of his custody to federal law enforcement agents, and his eventual conviction of violating

18 U.S.C. § 505.  The federal defendants removed the case to this Court, and the state

defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  (Notice of Removal [Doc. No. 1]; Defs.' Mot. to Dismiss [Doc. No. 5].)

On October 2, 2013, Sellors filed an Amended Complaint [Doc. No. 14], which is

virtually identical to the original Complaint [Doc. No. 1-1].  On November 15, 2013, the

federal defendants moved to dismiss the Amended Complaint under Rules 12(b)(6) and

12(b)(1) of the Federal Rules of Civil Procedure.  (Defs.' Mot. to Dismiss [Doc. No. 18].)

On February 19, 2014, the Magistrate Judge issued her R&R, recommending that

Defendants' motions to dismiss [Doc. Nos. 5, 18] be granted and this matter be dismissed

with prejudice.  (Feb. 19, 2014, R&R at 26 [Doc. No. 38].)  Her reasoning is as follows.

First, the Magistrate Judge concluded that the Amended Complaint failed to comply with

Rule 8 of the Federal Rules of Civil Procedure, because it did not clearly state which

claims Sellors was asserting against which defendant, and many of the "legal theories"

were unclear.  (Feb. 19, 2014, R&R at 16-18 [Doc. No. 38].)  Second, the Magistrate

Judge explained that Sellors had no private right of action to sue under the cited statutes

in the Amended Complaint.  (Id. at 19.)  Third, the Magistrate Judge found that Sellors

had no private right of action for claims arising under the Minnesota Constitution.  (Id. at

20.)  Fourth, the Magistrate Judge concluded that the state defendants were immune from

suit, because Sellors failed to plead the elements of a claim under 42 U.S.C. § 1981—and

regardless, the state defendants were entitled to qualified immunity for their actions in

executing the arrest warrant issued by the District of Colorado. (Id. at 20-22.) Fifth, the

Magistrate Judge found that all claims against the federal defendants failed because the

defendant judges, prosecutors, President Obama, and Attorney General Holder were

entitled to immunity for their actions. (Id. at 23.) To the extent Sellors was bringing a

tort claim against the federal defendants, the Magistrate Judge found that he did not

exhaust his administrative remedies under the Federal Tort Claims Act. (Id. at 24.)

On March 5, 2014, Sellors objected to the R&R. (Objections to R&R [Doc. No.

40].) On March 7, 2014, the state defendants filed their response. (Defs.' Resp. to Pl.'s

Objections to R&R [Doc. No. 41].)

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's

proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will

review *de novo* those portions of the R&R to which an objection is made, and it "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR

72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the

magistrate judge. D.Minn. LR 72.2(b)(3).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the

facts in the Complaint to be true and construes all reasonable inferences from those facts in

the light most favorable to Plaintiffs. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch.

Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions

Plaintiffs draw from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th

Cir. 1990).  In addition, the Court ordinarily does not consider matters outside the pleadings

on a motion to dismiss.  See FED. R. CIV. P. 12(d).  The Court may, however, consider

exhibits attached to the complaint and documents that are necessarily embraced by the

pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also

consider public records.  Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative level."

Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements," will not pass muster.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(citing Twombly, 550 U.S. at 555).  This standard "calls for enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly, 550

U.S. at 556.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may

move to dismiss a complaint for lack of subject matter jurisdiction.  When considering a

Rule 12(b)(1) motion, a district court  may consider matters outside the pleadings.  Satz v.

ITT Fin. Corp., 619 F.2d 738, 742 (8th Cir. 1980).  "[N]o presumptive truthfulness attaches

to the plaintiff's allegations, and the existence of disputed material facts will not preclude

the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the

plaintiff will have the burden of proof that jurisdiction does in fact exist." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

Finally, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

## B.     Objections

Sellors objects to the R&R, arguing that: (1) the Magistrate Judge's conclusions about immunity are "unproven"; (2) there is no evidence to establish Defendants' purported assertion of sovereignty over Sellors; (3) Defendants "refused to disclose the standing/liability/status of Injured Claimant [Sellors] when he was arrested and coerced through trial"; (4) various declarations by Defendants are in error; (5) Defendants "trespassed upon Paul Ernest Sellors"; (6) Defendants are "attempting to mitigate the criminality of Injured Claimaint's 'kidnapping'"; (7) Sellors "has not presented himself in forma pauperis"; and (8) Sellors "has been deprived of his state citizenship by a temporary group of public servants/subjects operating above the law." (Objections to R&R at 4-12 [Doc. No. 40].)  The state defendants respond that Plaintiff's objections are "incomprehensible and meritless," and the R&R should be adopted in its entirety.  (Defs.' Resp. to Pl.'s Objections to R&R at 1 [Doc. No. 41].)

The Court agrees with the Magistrate Judge's reasoning and does not see any basis to conclude otherwise based on Plaintiff's Objections.  Dismissal of all claims in the Amended Complaint is appropriate under Rules 12(b)(6) and 12(b)(1) with prejudice.

## IV.    ORDER

The Court **OVERRULES** Plaintiff's Objections [Doc. No. 40] and **ADOPTS** the

Magistrate Judge's February 19, 2014, Report and Recommendation [Doc. No. 38].)

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    Defendants Kiel Rushton and Johnathan Schlingman's Motion to Dismiss
      [Doc. No. 5] is **GRANTED**;

2.    Defendants Barack Obama, Eric Holder, Jr., William Frankel, Kristen L. Mix,
      David B. Barlow, John W. Huber, Scott Romney, Steven Molesky, Martin
      Siebenaler, Marcia S. Krieger, Christine M. Arguello, Craig B. Shaffer,
      Kathleen M. Tafoya, and John Walsh's Motion to Dismiss [Doc. No. 18] is
      **GRANTED**; and

3.    This matter is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:        April 15, 2014            s/ Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Court Judge